# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LISA DAHLKE,
        Plaintiff,

v.                                                                              Case No. 12-CV00207

MITCHELL BANK,
        Defendant.

## DECISION AND ORDER

Plaintiff Lisa G. Dahlke brings this lawsuit for employment discrimination based on sex under 42 U.S.C. § 2000e(2)(a) against defendant Mitchell Bank. Before me now is defendant's motion to dismiss for lack of personal jurisdiction, insufficient process and insufficient service of process. *See* Fed. R. Civ. P. 12(b)(2), (4)–(5). Defendant claims this court does not have personal jurisdiction over it because the summons plaintiff served on it was not signed by the clerk of this court and did not bear the court's seal as required by Fed. R. Civ. P. 4(a)(1)(F)–(G). Plaintiff concedes the summons served on defendant was insufficient because it lacked the court's seal.

On January 10, 2012, plaintiff received a right to sue letter from United States Equal Employment Opportunity Commission ("EEOC") giving her 90 days to file a lawsuit against defendant. Plaintiff filed this lawsuit on February 29, 2012. On the same day, the clerk of this court issued a summons for defendant, and on March 23, 2012, plaintiff served the summons and a copy of the complaint on defendant. On April 13, 2012, defendant filed an answer, which alleged that plaintiff had failed to effectuate service of process but did not mention any specific defects in the summons. It was not until September 10, 2012 that

defendant filed the present motion to dismiss. By that point, the 120-days allowed for service of process had expired, and the court had already held an initial scheduling conference at which the parties had agreed to refer the case to a magistrate judge for mediation. Since the mediation was unsuccessful, I will now consider defendant's motion to dismiss.

After filing a federal suit, a plaintiff must serve each defendant with a summons and a copy of the complaint within 120 days of filing, or risk dismissal of the suit. Fed. R. Civ. P. 4(c), (m). However, the court must grant an extension of the time allowed for service if the plaintiff can show good cause for his or her failure to accomplish service within 120 days. Fed. R. Civ. P. 4(m). If the plaintiff fails to demonstrate good cause, the court has discretion to decide whether to "dismiss the action without prejudice . . . or order that service be made within a specified time." Fed. R. Civ. P. 4(m); *U.S. v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008). When choosing between dismissal and extension of the time for service, courts should consider the relative hardships to the parties. *See Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002).

Plaintiff did not have good cause for failing to properly serve defendant. Plaintiff claims that a software error accounts for the deficiency in the summons and that she failed to notice the error. However, inadvertent failure is not good cause. *See Geiger v. Allen*, 850 F.2d 330, 333 (7th Cir. 1988). Nevertheless, I have discretion to extend the time for service and I see no reason not to exercise it here. Where possible, it is desirable to resolve cases on the merits. Weighing the relative hardships to the parties that would result from granting defendant's motion favors plaintiff. Defendant received actual notice

of the suit shortly after it was filed and has been able to fully participate in the case and will continue to do so. Plaintiff, however, would be completely shut out if I dismissed the case. Since the statute of limitations set out in the EEOC right to sue letter has already expired, plaintiff cannot file a new lawsuit against defendant. Therefore, dismissal will effectively close the courthouse door to her claims.

**THEREFORE, IT IS ORDERED** that defendant's motion to dismiss [DOCKET #14] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff must complete service of process within 30 days of the date of this order.

Dated at Milwaukee, Wisconsin, this 18th day of December, 2012.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge