# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LISA DAHLKE,
        Plaintiff,

v.                                                      Case No. 12-CV-00207

MITCHELL BANK,
        Defendant.

## DECISION AND ORDER

Plaintiff Lisa Dahlke brought this employment discrimination action against defendant Mitchell Bank. Defendant moved to dismiss for lack of personal jurisdiction and insufficient service of process under Fed. R. Civ. P. 12(b)(2) and 12(b)(5). I denied defendant's motion, and defendant now asks me to reconsider my decision or, alternatively, to certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Also before me is plaintiff's motion to amend her complaint.

On January 10, 2012, plaintiff received a right to sue letter from the United States Equal Employment Opportunity Commission ("EEOC") giving her 90 days to file a lawsuit against defendant. On February 29, 2012 she filed the present suit. Also on February 29, plaintiff requested and the clerk of this court issued a summons for defendant. On March 23, 2012, plaintiff purportedly served defendant with the summons and complaint. On April 13, 2012, defendant answered the complaint asserting that plaintiff had not effectuated service but not specifying that the summons was defective. On September 10, 2012, some five months later, defendant moved to dismiss the complaint on the ground that the clerk had not signed or stamped the summons that it had received. *See* Fed. R. Civ. P.

4(a)(1)(F)–(G). By that time, the 120 days ordinarily allowed for service of process had expired. *See* Fed. R. Civ. P. 4(m). I denied defendant's motion to dismiss. Although I found that the summons served on defendant was defective, I gave plaintiff an additional 30 days to complete service. Within the 30 days, plaintiff served defendant with a valid summons and complaint.

Defendant argues that I should reconsider because I erred in concluding that I was authorized to extend the time for service. *See Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (noting that a court can grant a motion for reconsideration to correct "a manifest error of law"). I will deny defendant's motion because Rule 4(m) gives me the requisite authority. Under Rule 4(m), when a plaintiff fails to serve the summons issued by the court within 120 days, the court may extend the time for service "even if there is no good cause shown." Fed. R. Civ. P. 4 advisory committee's note, 1993 Amendments; *see also U.S. v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008) ("If the plaintiff cannot show good cause, then the decision to grant an extension is left to the discretion of the district court."). Thus, on her second attempt, plaintiff properly served defendant and established personal jurisdiction. I will deny defendant's alternative motion on similar grounds. To certify a question for interlocutory appeal, an order must raise "a controlling question of law as to which there is a substantial ground for difference of opinion." 28 U.S.C. § 1292(b). There is no substantial ground for difference of opinion regarding the question raised by defendant.

I turn now to plaintiff's motion to amend. In her complaint, plaintiff alleged that she was sexually harassed by her supervisor, Jason Golembiewski, and forced to quit because "she did not feel safe working for [him]." (Compl. ¶ 31, ECF No. 1.) Defendant denied this

allegation and filed a counterclaim alleging that plaintiff had stolen money and committed conspiracy, conversion and fraud. Plaintiff now seeks to amend her complaint to add a claim that defendant's counterclaim is frivolous and designed to retaliate against her for exercising her rights under Title VII.

I will grant the motion to amend. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] whenever justice so requires."). Defendant asks me to deny plaintiff's motion because she has not exhausted her administrative remedies. However, "a separate administrative charge is not a prerequisite to a suit complaining about retaliation for filing the first charge." *Maholtra v. Cotter & Co.*, 885 F.2d 1304, 1312 (7th Cir. 1989), *superseded on other grounds by statute as stated in Rush v. McDonald's Corp.*, 966 F.2d 1104, 1119–20 (7th Cir. 1992). This is so because plaintiff's proffered claim of retaliation is "'reasonably related'" to the allegations in the original charge. *Id.* (quoting *Steffen v. Meridian Life Ins. Co.*, 859 F.2d 534, 545 n.2 (7th Cir. 1988)). Defendant argues that *National Railroad Passenger Corporation v. Morgan*, which held that a plaintiff must file a timely EEOC charge for each "discrete discriminatory act" and cannot save a time-barred claim by bringing a timely charge for a related act, requires a different result. 536 U.S. 101, 113 (2002). *Morgan*, however, is not on point because the claims at issue there were based on discriminatory acts that took place before any charge was filed. Thus, *Maholtra* remains good law. *See Horton v. Jackson Cnty. Bd. of Cnty. Comm'rs*, 343 F.3d 897, 898 (7th Cir. 2003) ("[R]etaliation for complaining about discrimination need not be charged separately from the discrimination that gave rise to the complaint."); *see also Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 303 (4th Cir. 2009) (holding that *Morgan* does

3

not address "exhaustion requirements for claims of related, post-charge events"). But see *Martinez v. Potter*, 347 F.3d 1208, 1210–11 (10th Cir. 2003) (finding that *Morgan's* holding applies equally to "claims based on incidents occurring *after* the filing of Plaintiff's [EEOC] complaint").

Defendant also argues that plaintiff's amendment will be futile because her retaliation claim will fail. This argument, however, is based on facts outside the pleadings and thus may not be addressed on a motion to dismiss.

**THEREFORE, IT IS ORDERED** that defendant's motion for reconsideration or, alternatively, for certification of an interlocutory appeal (Docket #23) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend the complaint (Docket #30) is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 21st day of May 2013.

                                                      s/ Lynn Adelman

                                                      _____
                                                      LYNN ADELMAN
                                                      District Judge